UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20724-CIV-KING

PEGGY WONG HO, as guardian of DR.
ANTHONY CHUNG KWONG HO, and
PEGGY WONG HO, individually,

    Plaintiffs,

v.

THE HERTZ CORPORATION, and
HERTZ VEHICLES, LLC,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment filed on February 8, 2010 (D.E. #42). Plaintiffs filed their response (DE #56) on April 1, 2010, and Defendant its reply (DE #70) on April 12, 2010. On July 7, 2010, the Court held oral argument on Defendant's motion. For the reasons stated herein, the Court denies Defendant's motion for summary judgment, and the above-styled case proceeds to trial on the Court's two-week calender commencing on April 4, 2011.

### I.    Factual Background

After carefully reviewing the parties' submission, pleadings, depositions, and affidavits, the Court determines that the above-styled case is not appropriate for resolution on summary judgment. In the morning hours of Sunday, October 23, 2004, Plaintiffs, Dr.

Anthony Chung Kwong Ho ("Dr. Ho") and Ms. Peggy Wong Ho ("Ms. Ho") were at the Defendant Hertz Rent-A-Car's store ("Hertz"), located at 354 S.E. 1st Street, in Miami, Florida, to rent a vehicle. Plaintiffs had disembarked from a cruise that morning, which they had taken with their friends, Mr. and Ms. Siu. Plaintiffs and the Sius were all out-of-town tourists visiting Miami for the first time. The Plaintiffs and the Sius were told that, because the Hertz storefront was very small, each group could only send one representative into the store to finalize car rental arrangements. The remaining members of each party was to wait on the sidewalk outside the store (along with their luggage). Ms. Ho, Ms. Siu and Mr. Siu waited outside for Dr. Ho to complete the arrangements. During the time Ms. Ho and the Sius waited for Dr. Ho, Timothy Salter ("Salter") illegally parked his vehicle on the street immediately in front of Hertz. When Mr. Siu who was waiting outside, entered the Hertz store to pick up some maps, Salter attacked Ms. Ho and began to fight with her to steal her purse. After a struggle between the two, the purse strap broke and Salter made away with Ms. Ho's purse. When Mr. Siu and a Hertz employee heard the commotion, they ran from the store, followed by Dr. Ho. Salter was already in his car. Mr. Siu and the Hertz employee struggled with Salter to grab the purse through the side window. After struggling with Mr. Siu and the Hertz employee, Salter released the purse and commenced to drive away. Salter hit Dr. Ho with the front portion of his vehicle throwing him backwards to a crashing fall on the pavement. This all happened in the span of thirty seconds to one minute. Dr. Ho sustained severe brain trauma, fractured skull, and suffered a stroke. He was in a coma at the time this case was filed. Plaintiffs brought the above-styled case alleging negligent

security and negligence against Hertz.

## II. Legal Standard for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 645 (11th Cir.1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); however, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252, 106 S.Ct. 2505. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249-50, 106 S.Ct. 2505.

**III. Discussion**

In its motion, Hertz relies on two arguments for summary judgment. First, Hertz argues that it did not have a duty to protect Dr. Ho from being hit by Salter's vehicle since it was not foreseeable that, after Salter grabbed Ms. Ho's purse, Dr. Ho would run in front of Salter's getaway vehicle. Second, Hertz argues that Dr. Ho's actions in placing himself in front of Salter's vehicle to prevent his escape was a superseding intervening cause which cut off causation and as a result any alleged breach of duty by Hertz was not the proximate cause of those injuries. Plaintiff counters that there are genuine disputes of fact to be resolved precluding granting of summary judgment. Mainly, whether Dr. Ho's injury was reasonably foreseeable.

The basic elements of a cause of action for negligence are: duty; breach; causation; and damages. *See Clay Elec. Co-op., Inc. V. Johnson*, 873 So.2d 1182 (Fla. 2003). A business owes its invitees a duty to exercise reasonable care to maintain its premises in a reasonably safe condition which includes the duty to protect customers from *reasonably foreseeable* criminal attacks. *See Banosmoreno v. Walgreen Co.*, 299 Fed. Appx., 912, 913 (11th Cir. 2008). "The duty of care owed by a landowner to an invitee with respect to

protection from criminal acts of a third person is dependant upon the foreseeability of that third party's activity." *Admiral's Port Condominium Association, Inc. V. Feldman*, 426 So.2d 1054 (Fla. 3d DCA 1983). The law is clear and from their pleadings, the parties agree that liability turns on whether an attack by a thief on Defendant's business premises was reasonably foreseeable.

Thus, the Court faces two issues in this motion: whether Salter's attack was reasonably foreseeable so as to impose a duty to warn, and whether Dr. Ho's injury was proximately caused by that attack.

The Court first looks at Defendant's duty. Foreseeability as it pertains to duty may be established in two ways. The Plaintiff may show: (1) that the business owner knew or should have known of a dangerous condition on the premises that was likely to cause harm to a patron; or (2) that the business owner knew or should have known of the dangerous propensities of a particular patron. *Banosmoreno*, 299 Fed. Appx. 912 at 913. On these facts, there is no evidence that Hertz knew or should have known of Salter's propensity, so the case turns on the second prong of the analysis: whether Hertz should have known that because of similar crimes committed in the area their patrons were not safe standing outside of their storefront. The record suggests that Plaintiff will offer evidence that Defendant's business is located in a high crime area. The Court finds that based on the criminal activity reports evidencing similar purse snatchings in the area, a jury could reasonably find that Hertz should have been on notice that its patrons were at risk for similar attacks. This location of Hertz deals primarily with tourists who come to Miami without knowledge of the

City or high crime areas to avoid. On these facts, failure to provide security guards protecting the premises; patrons told to wait outside due to inadequate inside office space; issues of fact remain for jury determination. In his deposition, Salter admits to targeting Ms. Ho because she was standing outside, and there were no security guard watching over the premises. By not taking any safety precautions, Hertz exposed their customers to the risk of an attack, a jury could find to have been reasonably foreseeable based on similar occurrences in the neighborhood.

Next the Court looks at the issue of causation. Defendant suggests two cases in which the Courts have faced a similar question and declined to extend liability holding that the ensuing injury was not foreseeable because the patrons placed themselves in harms way after the incident ended. In *Vail*, Plaintiff suffered injuries while she ran after a man who snatched her purse as she was having breakfast at a McDonalds restaurant. *Vail v. Masker*, 812 So. 2d 807 (La. App. 4th Cir. 2002). Attempting to stop the thief's escape, she was hit by the getaway car, suffering injuries to her head and leg. *Id*. Plaintiff appealed the trial court's grant of summary judgment for Defendant holding that the restaurant had no duty to the plaintiff. *Id*. Defendant relies on *Vail*, wherein the Court states, "Ms. Vail was not injured when the thief stole her purse but when she pursued the thief into the parking lot. Even if the criminal acts of third persons were foreseeable, it was not foreseeable that Ms. Vail would give chase and be injured by the getaway car. *Id*. Defendants contend that *Vail* is on point with our facts. The Court finds the reasoning of this opinion to be unpersuasive on the issue of foreseeability. Whether prudent, or not, that if one's purse is stolen, a natural

and instinctive reaction is to attempt to resist and stop the perpetrator.

Next, Defendant points the Court to the decision in *Palma v. BP Products North America*, 2009 WL 3150042 at * 1(11th Cir. 2009). In *Palma*, Plaintiff was a patron of a BP gas station where a thief and some accomplices were attempting to siphon gasoline from the pumps. In the process of perpetrating the crime, the vehicle that the thief was driving struck Plaintiff's car and Plaintiff confronted the thief. The thief and his accomplices then attacked Plaintiff causing him severe injuries. In *Palma*, summary judgment for BP was affirmed for because the Eleventh Circuit held that the series of events was "freakish and improbable" and that any negligence by BP was not the proximate cause of the plaintiff's injuries. *Id.* at 2. The Court finds that, even though the facts in *Palma* are similar to our facts, they are sufficiently distinct so as to reach a different conclusion. The Court in *Palma* states, "although foreseeability in the context of proximate cause is ordinally a fact question, it may be decided by a court when the evidence supports only one reasonable inference." *Id.* at 2. On our facts, there is more than one possible reasonable inference. Moreover, the extensive chain of events that led to the eventual injury in *Palma*, the key facts on which the Court relies to reach its conclusion, is lacking in our facts. For guidance on this issue, the Court looks to the Florida Supreme Court, which has provided a succinct definition of proximate cause and when it is appropriate for a judge to remove that matter from consideration by the jury:

> [W]e have said that harm is "proximate" in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or

> omission in question. In other words, human experience teaches that the same harm can be expected to recur if the same act or omission is repeated in a similar context. However, as the *Restatement (Second) of Torts* has noted, it is immaterial that the defendant could not foresee the *precise* manner in which the injury occurred or its exact extent. In such instances, the true extent of the liability would remain questions for the jury to decide.
>
> On the other hand, an injury caused by a freakish and improbable chain of events chain of events would not be "proximate" precisely because it is unquestionably unforeseeable, even where the injury may have arisen from a zone of risk. The law does not impose liability for freak injuries that were utterly unpredictable in light of common human experience. Thus, as the Restatement (second) of Torts has noted, a trial court has direction to remove the issue from the jury if, after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that [the conduct] should have brought the harm.
>
> Unlike in the "duty" context, the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve. Thus, where reasonable person could differ as to whether the facts establish proximate causation-i.e., whether the *specific* injury was genuinely foreseeable or merely an improbable freak-then the resolution of the issue must be left to the fact-finder. The judge is free to take this matter from the fact-finder only where facts are unequivocal, such as where the evidence supports no more than a single reasonable inference.

*McCain v. Florida Power Corporation*, 593 So. 2d 500, 502 (Fla. 1992). The Court finds that Dr. Ho's actions were not unpredictable in light of common human experience. On these facts, it cannot be said that Dr. Ho's injury was so far attenuated from the incident so as to be considered freakish and improbable. It is not unpredictable that in an incident which happened in the span of 30 seconds to one-minute, Dr. Ho would instinctively attempt to aid

his wife and try to block the thief's escape with Ms. Ho's purse. Considering that the parties were on vacation, in a foreign city and feared losing all of their personal documentation lends emphasis to the probability of Dr. Ho's reaction. Moreover, it was not just Dr. Ho who pursued Salter, it was also Mr. Siu and the employee from Hertz. The Court finds that on these facts, it should not remove the issue from the jury because as the Florida Supreme Court instructs, "[u]nlike in the "duty" context, the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve. Thus, where reasonable persons could differ as to whether the facts establish proximate causation-i.e., whether the *specific* injury was genuinely foreseeable or merely an improbable freak-then the resolution of the issue must be left to the fact-finder." *Id*. On these facts, proximate causation and foreseeability are issues that should be submitted to a jury under the appropriate instructions. Accordingly, the Court being otherwise fully advised, it is

**ORDERED, ADJUDGED, and DECREED** that the Motion for Summary Judgment (DE #42) be, and the same is hereby **DENIED**. The above-styled case proceeds to trial on the Court's two week trial calender commencing on April 4, 2011.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 26th day of July, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: <u>**Counsel for Plaintiff**</u>
**Michael Andrew Mullen, Esq.**
Gaebe Mullen Antonelli Esco & Dimatteo
420 S Dixie Highway
3rd Floor
Coral Gables, FL 33146

**Anne Catherine Sullivan, Esq.**
Gaebe Mullen Antonelli Esco & Dimatteo
420 S Dixie Highway
3rd Floor
Coral Gables, FL 33146

<u>**Counsel for Defendant**</u>
**Bruce Michael Trybus, Esq.**
Cooney Mattson Lance Blackburn Richards & O'Connor
1600 W Commercial Boulevard
Suite 200
Fort Lauderdale, FL 33309

**Juan Marcos Martinez, Esq.**
Cooney Mattson Lance Blackburn Richards & O'Connor
1600 W Commercial Boulevard
Suite 200
Fort Lauderdale, FL 33309